# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOSHIA THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-594** |
| **TASHION SINGLETON ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendants Maya Henry, Tully Leffew, and Tashion Singleton's Motion to Dismiss for Insufficient Service of Process (Doc. 11). For the following reasons, this Motion is **DENIED.**

## BACKGROUND

Plaintiff Latoshia Thompson filed this pro se complaint arising out of a car accident. Plaintiff alleges that she was hit by Defendant Tashion Singleton while Plaintiff was travelling on I-10 eastbound on March 14, 2021. Defendant Singleton was allegedly under the influence of alcohol and marijuana at the time of the accident. Plaintiff also asserts that Defendants Mya Henry and Tulley Leffew "were responsible for communications in agreement with Mr. Singleton" and "recklessly failed to follow up with Plaintiff and ceased all communications with Plaintiff."[1].

Now before the Court is Defendants Maya Henry, Tully Leffew, and Tashion Singleton's Motion to Dismiss for Insufficient Service of Process. Defendants state that there is no proof that any Defendant has been served

---

[1] Doc. 3 at 2–3.

1

with summons as required by Federal Rule of Civil Procedure 4. Plaintiff opposes.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."[2] When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[3] In ruling on a Rule 12(b)(5) motion, district courts enjoy broad discretion.[4]

## LAW AND ANALYSIS

Defendants allege that no Defendant was served with summons and complaint as required by Federal Rule of Civil Procedure 4. Plaintiff responds that Defendants were served. Plaintiff bears the burden of showing that service was valid as to each Defendant.

On July 14, 2022, the Court issued a Notice to Show Cause ordering Plaintiff to file proof of service or show good cause in writing why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).[5] Plaintiff responded and submitted a Certificate of Service showing that all three Defendants were served at 4520 Westway Park Blvd., #210 in Houston,

---

[2] Matherne v. La. through Dep't of Child. & Fam. Servs., No. 18-3396, 2020 WL 491225, at *1 (E.D. La. Jan. 30, 2020) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 1998)).

[3] Aetna Bus. Credit., Inc. v. Universal Decor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981).

[4] Henderson v. Republic of Tex., 672 F. App'x 383, 384 (5th Cir. 2016).

[5] Doc. 4.

Texas.[6] Plaintiff states that she obtained this address from the state of Texas official website for Insurance Adjusters, where Defendant Mya Henry's business address is listed as 4920 Westway Park Blvd., #210 in Houston, Texas.[7]

Plaintiff did not attach any documentation with the original Certificate of Service proving that Defendants received the certified mail. However, Plaintiff later submitted a United States Postal Service certified mail receipt which shows that the package was signed for on March 28, 2022.[8] This receipt shows a package addressed to Mya Henry, but the section that provides a space for a signature on delivery reads "COVID-19," and the box is checked that an agent signed for Defendant Henry.[9] There were no receipts provided for packages mailed to either Defendants Tulley Lepue or Tashion Singleton.[10] Further, Defendants Henry and Singleton submitted affidavits stating that neither has been served.[11]

Based upon these affidavits, the discrepancy between the addresses on the Certificate of Service and the certified mail receipt, and the fact that an agent allegedly accepted service by signing "COVID-19," the Court finds that Plaintiff has not carried her burden. In short, the documents Plaintiff presented do not show that Defendants were served. No Defendant signed for

---

[6] Doc. 5. The address on the certificate of service is listed as 4520 Westway Park Blvd., #210 in Houston, Texas. However, the address on the United States Postal Service certified mail receipt Plaintiff attached to her memorandum in opposition reads 4920 Westway Park Blvd., #210 in Houston, Texas.

[7] Doc. 19-1 at 1. The Court notes that the agent profile on the website indicates that the most recent issue date for Ms. Henry's license was November 13, 2002.

[8] *Id.* at 2.

[9] *Id.*

[10] In Plaintiff's Memorandum in Opposition, she provided a Click-N-Ship Label Record of a package mailed to Tashion Singleton at 8501 I-10 Service Rd. in New Orleans, Louisiana, however there was no proof showing this package was ever delivered or that Defendant Singleton signed for it.

[11] Doc 18-1 at 2.

any package or otherwise indicated that they had been served. Ultimately, Plaintiff has not established that she properly served any Defendant or any individual with authority to accept service for any Defendant.

Because Plaintiff's attempts at service are insufficient as to every Defendant, her claims against Defendants are subject to dismissal. Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) permits the Court to dismiss a case *without* prejudice if the plaintiff fails to serve the defendants within 90 days of filing the complaint.[12]

"If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service."[13] The "good cause" standard has been described as requiring "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[14] "In addition, courts normally require 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified . . . .'"[15]

"Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service."[16] "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'"[17]

---

[12] *See* FED. R. CIV. P. 4(m).

[13] Millan v. USAA Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008) (citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).

[14] Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985).

[15] Gartin v. Par Pharm. Companies, Inc., 289 F. App'x 688, 692 (5th Cir. 2008) (citing Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995)).

[16] *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21).

[17] *Id.* (quoting FED. R. CIV. P. 4(m) advisory committee's note (1993)).

Plaintiff is representing herself and attempted service. The evidence submitted to the Court was muddled, but it appears that Plaintiff made a diligent attempt to serve Defendants. Regardless of whether this attempt constitutes good cause, in an exercise of discretion, the Court elects to give Plaintiff 45 days from the issuance of this Order to effect service on all Defendants and file proof of such with the Court.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED. IT IS ORDERED** that Plaintiff has 45 days to effect service on all Defendants and file proof of such with the Court. Failure to do so will result in dismissal of the case pursuant to Federal Rule of Civil Procedure 12(b)(5).

New Orleans, Louisiana this 9th day of February, 2023.

**JUDGE JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**