UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOSHIA THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-594** |
| **TASHION SINGLETON ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Plaintiff Latoshia Thompson's Motion for Recusal (Doc. 27). For the following reasons, this Motion is **DENIED.**

### BACKGROUND

Plaintiff Latoshia Thompson filed this pro se complaint arising out of a car accident. Plaintiff alleges that she was hit by Defendant Tashion Singleton while travelling on I-10 eastbound on March 14, 2021. Defendant Singleton was allegedly under the influence of alcohol and marijuana at the time of the accident. Plaintiff also asserts that Defendants Mya Henry and Tulley Leffew "were responsible for communications in agreement with Mr. Singleton" and "recklessly failed to follow up with Plaintiff and ceased all communications with Plaintiff."[1] As a result, Plaintiff filed this lawsuit on March 10, 2022.

On October 17, 2022, the Court issued an Order requiring Plaintiff to further prosecute her claim or obtain responsive pleadings from Defendants.[2]

---

[1] Doc. 3 at 2–3.
[2] Doc. 6.

1

Plaintiff moved for an entry of default on October 21, 2022.[3] On November 16, 2022, Defendants Mya Aaran Henry, Tully Leffew, and Tashion Singleton filed a Motion to Dismiss for Insufficient Service of Process.[4] As a result, the Court denied Plaintiff's Motion for an Entry of Default, as a motion to dismiss constitutes a defense under Federal Rule of Civil Procedure 55.[5] The Court also subsequently denied Defendants' Motion to Dismiss for Insufficient Service of Process and allowed Plaintiff 45 additional days to effect service on all Defendants and submit proof of such with the Court.[6]

Now before the Court is Plaintiff's Motion for Recusal, which requests "recusal of Judge Jane Triche Milazzo for deprivation of rights under color of authority under 18 U.S.C. § 242."[7]

## **LEGAL STANDARD**

Two statutes primarily govern the recusal of judges from district court proceedings: 28 U.S.C. § 144 and 28 U.S.C. § 455. "Both statutes are based on the notion that a fair trial before an unbiased judge is a basic requirement of due process."[8]

Section 144 requires that a party seeking recusal must "file[ ] a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."[9] The affidavit must "state the facts and the reasons for the belief that

---

[3] Doc. 7
[4] Doc. 11.
[5] Doc. 20 ("Plaintiff moves to uphold the entry of default, however, her motion for entry of default was not granted. Defendants' Motion to Dismiss constitutes a defense under Rule 55, and default was properly denied. As such, this Motion to Uphold Default is DENIED.").
[6] Doc. 22.
[7] Doc. 27.
[8] Chitimacha Tribe of La. v. Harry L. L. Co., 690 F.2d 1157, 1165 (5th Cir. 1982).
[9] 28 U.S.C. § 144. Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the

2

bias or prejudice exists."[10] It "shall be accompanied by a certificate of counsel of record stating that it is made in good faith."[11] An affidavit is sufficient if "it alleges facts that, if true, would convince a reasonable person that bias exists."[12] When assessing a motion for recusal, "[t]he judge must pass on the legal sufficiency of the affidavit, but not on the truth of the matters alleged."[13] "The preferred procedure is for the judge to whom the motion is directed to determine the sufficiency of the affidavit, rather than transferring the motion to another judge for that preliminary determination."[14]

Contrastingly, recusal under § 455 does not require an affidavit.[15] Section 455(a) broadly provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[16] "This provision aims 'to avoid even the appearance of partiality.'"[17] Despite the procedural differences "[s]ubstantively, the modern sections 144 (motions for disqualification) and 455 (duty of judge to recuse himself) are 'quite similar, if not identical.'"[18]

---

matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.*

[10] *Id.*
[11] *Id.*
[12] *Chitimacha Tribe of La.*, 690 F.2d at 1165.
[13] *Id.*
[14] Wiley v. Dept. of Energy, et al., No. 21-933, Doc. 37 at 4 (E.D. La. July 8, 2021).
[15] Price v. Irons, No. CV 19-11451, 2020 WL 3051897, at *2 (E.D. La. June 8, 2020), *aff'd*, 832 F. App'x 904 (5th Cir. 2021).
[16] 28 U.S.C. § 455.
[17] *Id.*
[18] United States v. York, 888 F.2d 1050, 1053 (5th Cir. 1989) (quoting *Chitimacha Tribe of La.*, 690 F.2d at 1165).

Under both standards, the question is whether a "judge's views are 'extrajudicial.'"[19] Ultimately, the decision to recuse is fact intensive and "committed to the sound discretion of the district court."[20]

## LAW AND ANALYSIS

Plaintiff cites various grounds for recusal, namely, 28 U.S.C. § 455, 28 U.S.C. § 144, Louisiana Code of Judicial Conduct, Canon 3E(1), Louisiana Code of Judicial Conduct Rule 1.02, American Bar Association Model Code of Judicial Conduct Rule 2.15, and Louisiana Code of Civil Procedure Article 151. At the outset, Plaintiff states that a motion for recusal directed at a district judge must be referred to another judge for ruling. The Fifth Circuit has held, however, that motions to recuse should only be transferred in "unusual circumstances."[21] This case does not constitute "unusual circumstances." As such, the Court declines to transfer the motion and will address the matter itself.

  i.  *28 U.S.C. § 455(a)*

Plaintiff argues that this Court has "continued purported mishaps of Plaintiff despite clear violations of defendants and their counsel demonstrating clear bias and inability to conduct the proceedings fairly or judiciously" and that this has "amounted to Deprivation of Rights under Color of Law."[22] As

---

[19] Tejero v. Portfolio Recovery Assocs., L.L.C., No. 18-50661, 2020 WL 1671558, at *7 (5th Cir. Apr. 6, 2020).
[20] *Chitimacha Tribe of La.*, 690 F.2d at 1166.
[21] *Id.* at 1162 (stating that recusal motions should not be transferred absent unusual circumstances as "the challenged judge is most familiar with the alleged bias or conflict of interest"); Valley v. Rapides Par. Sch. Bd., 992 F. Supp. 848, 850 (1998) (declining to transfer a motion to recuse); *Price,* 2020 WL 3151897, at *3 (noting that "[t]he preferred procedure is for the judge to whom the motion is directed to determine the sufficiency of the affidavit, rather than transferring the motion to another judge for that preliminary determination").
[22] Doc. 27 at 3.

evidence, Plaintiff lists various actions by the Court, including denying a motion for default, failing to respond to her demand for the court clerk's certified oath of office, and denying Defendants' motion to dismiss.[23] In summary, it appears that Plaintiff disagrees with several of the Court's rulings. In fact, all of the allegations listed in Plaintiff's Motion challenge the Court's rulings or address actions taken by Defendants.[24] However, "[j]udicial rulings alone almost never constitute valid basis for a bias or partiality motion."[25] Judicial actions do not support recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[26] The Court finds that there is no such antagonism in this case, and Plaintiff provides no extrajudicial grounds for recusal.[27] Thus, recusal is not proper under § 455(a).

    *ii.*    *28 U.S.C. § 144*

Section 144 requires a plaintiff to file an affidavit that states material facts with particularity that, if true, would convince a reasonable person that a personal bias exists.[28] A plaintiff seeking recusal must state facts showing the bias is personal, rather than judicial. As discussed above, all grounds cited by Plaintiff allegedly evincing a personal bias are judicial rulings by the Court. She provides no specific facts that would convince a reasonable person that

---

[23] *Id.* at 2–3.
[24] Plaintiff also states that the Court "[a]llowing perjurious affidavits from defendants could reasonably lead a party to question a judge's impartiality," and that "the courts nor counsel for defendants notified Plaintiff of the Supplemental filing and Order Granted and/or basis for granting such order." *Id.*
[25] Liteky v. United States, 510 U.S. 540, 555 (1994).
[26] *Id.*
[27] *Wiley,* No. 21-933, Doc. 37 at 4 ("Information gained through the role as judge in the case cannot be the basis for disqualification.").
[28] Patterson v. Mobil Oil Corp., 335 F.3d 476, 483 (5th Cir. 2003) ("A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature.").

bias exists and is personal in nature.[29] Furthermore, as a pro se plaintiff, she cannot satisfy the additional requirement that a motion to recuse be accompanied by "a certificate of counsel of record stating that it is made in good faith."[30] Therefore, she has not met the requirements for recusal under Section 144.

Plaintiff also enumerates the following grounds for recusal: Louisiana Code of Judicial Conduct, Canon 3E(1), Louisiana Code of Judicial Conduct Rule 1.02, Louisiana Code of Civil Procedure Article 151(A)(4), and American Bar Association Model Code of Judicial Conduct Rule 2.15. For the same reasons discussed above, the Court does not find any valid basis for recusal on these grounds.[31]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is **DENIED.**

---

[29] Scott v. Crosby Energy Servs., No. 19-12736, 2021 WL 2255748, at *4 (E.D. La. May 28, 2021) ([t]he required showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges.").

[30] 28 U.S.C. § 144. Various other courts have held that a pro se plaintiff may not seek recusal under § 144 due to an inability to satisfy the language of the statute that requires a certificate of counsel of record affirming that the request is made in good faith. *Price,* 2020 WL 3151897, at *3 (holding that a pro se plaintiff had not met the requirement of the statute to include a certificate of counsel of record affirming that the request is made in good faith); Williams v. Magnolia Cafe, No. 18-1020, 2019 WL 7343507, at *2 (M.D. La. Dec. 30, 2019) (finding "recusal under § 144 is not applicable" because "a pro se litigant cannot meet the plain language of the statute requiring 'a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in good faith'"); Larsen v. "Eleged" Fish & Wildlife Serv. or Outlaws, No. 04-1919, 2004 WL 1698670, at *1 (E.D. La. July 28, 2004) ("§ 144 is inapplicable in the case of a pro se litigant"); McCoy v. SC Tiger Manor, LLC, No. 19-723, 2021 WL 647376, at *2 (M.D. La. Jan. 28, 2021) (stating that Courts have held that a pro se litigant may not obtain disqualification of a presiding judge under § 144 because a pro se litigant cannot meet the plain language of the statute requiring "a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in good faith.").

[31] *Price*, 2020 WL 3151897, at *3 (holding that there was no basis for recusal based upon Judicial Code of Conduct Cannons 1, 2, or 3 where the plaintiff did not provide any extrajudicial reasons supporting recusal).

New Orleans, Louisiana this 3rd day of March, 2023.

_____
**JUDGE JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**