UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOSHIA THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-594** |
| **TASHION SINGLETON ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

For the following reasons, the above captioned case is **DISMISSED** for insufficient service of process.

### BACKGROUND

Plaintiff Latoshia Thompson filed this pro se complaint, arising out of a car accident that occurred on March 14, 2021. A review of the record indicates that summons were issued, but service on Defendants has not been effected. On July 14, 2022, this Court issued a Notice to Show Cause, ordering Plaintiff to file, on or before August 15, 2022, proof of service or good cause as to why this matter should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).[1]

Plaintiff responded and submitted a Certificate of Service showing that all three defendants were served at an address listed on the state of Texas's official website for Insurance Adjusters. However, Plaintiff did not attach

---

[1] Doc. 4.

1

documentation with the original Certificate of Service proving that Defendants received the certified mail.

On November 16, 2022, Defendants filed a Motion to Dismiss for Insufficient Service of Process, alleging that there was no proof that any Defendant had been served with summons as required by Federal Rule of Civil Procedure 4. In its February 9, 2023, Order and Reasons, this Court found that Plaintiff had not met her burden of proving that she properly served Defendants. Nevertheless, the Court exercised its discretion to extend the time for Plaintiff to effectuate service. This Court denied the Defendants' Motion to Dismiss and ordered that Plaintiff, to avoid dismissal of her case pursuant to Federal Rule of Civil Procedure 12(b)(5), effect service on all Defendants within 45 days of the Order and file such proof with the Court.[2]

After the lapse of this extended deadline, this Court ordered Plaintiff to, within 30 days, submit notice to the Court delineating any steps taken to effect service on Defendants.[3] On August 4, 2023, Plaintiff responsively filed a document entitled, "Motion Stating COVID-19 Pandemic USPS Deliveries Rules and Regulations Mandated by CDC, Proofs of Service of Summons and Complaints is as Appropriate."[4] The Court now considers whether Plaintiff has complied with the Court's Order directing Plaintiff to effect service on defendants and file proof of such service.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. "A Rule 12(b)(5) motion is the proper

---

[2] Doc. 22 at 3, 5.
[3] Doc. 45.
[4] Doc. 47.

vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."[5] When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[6] In ruling on a Rule 12(b)(5) motion, district courts enjoy broad discretion.[7] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) permits the Court to dismiss a case *without* prejudice if the plaintiff fails to serve the defendant within 90 days of filing the complaint.[8] Alternatively, the Court has discretionary power to extend the time for service of process for good cause or otherwise.[9] Thereafter, a "district court *sua sponte* may dismiss an action for failure to prosecute or comply with any court order."[10]

If the Court declines to extend the time for service and instead dismisses the suit *without* prejudice for failure to comply with Rule 4(m), the Fifth Circuit requires that the dismissal be treated as a dismissal *with* prejudice if the claims would be time-barred by the statute of limitations upon refiling.[11] A dismissal with prejudice is only warranted if there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would not serve the best interest of justice."[12] Additionally, where the Fifth Circuit "has affirmed dismissals with prejudice, it has generally found at least one of three

---

[5] Matherne v. La. Through Dep't of Child. & Fam. Servs., No. 18-3396, 2020 WL 491255, at *1 (E.D. La. Jan. 30, 2020) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 1998)).
[6] Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, 635 F.2d 434, 435 (5th Cir. 1981).
[7] Henderson v. Republic of Tex., 672 F. App'x 383, 384 (5th Cir. 2016).
[8] *See* FED. R. CIV. PROC. 4(m).
[9] Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)).
[10] Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998) (citing FED. R. CIV. PROC. 41(b)).
[11] *See Millan*, 546 F.3d at at 325–26.
[12] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).

aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"[13]

## LAW AND ANALYSIS

In her belated response, Plaintiff explains the United States Postal Service's rules for delivery during the COVID-19 pandemic. In explaining the purposes of USPS's precautionary measures, Plaintiff asserts that "the [C]ourt's assertion regarding the insufficiency of the USPS COVID-19 declaration affixed to the certificates of delivery is biased and unwise, given the overarching need to adhere to these practices mandated by the CDC and USPS."[14] Plaintiff does not delineate any steps taken to serve Defendants, as ordered by the Court. Rather, she merely reasserts that her original Certificate of Service is sufficient despite this Court's finding that service was improper. As a result, this case must be dismissed under Rule 12(b)(5) for insufficient service of process.

Because Plaintiff's dismissed claim would be time-barred upon refiling, the Court must treat the dismissal as one *with* prejudice.[15] As explained above, a dismissal with prejudice is only warranted if there is a "clear record of delay or contumacious conduct by the plaintiff," and "lesser sanctions would not serve the best interest of justice."[16] For the following reasons, this Court finds that there is a clear record of delay and contumacious conduct and that lesser sanctions would not serve the best interests of justice.

---

[13] *Millan*, 546 F.3d at 326 (quoting *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986)).
[14] Doc. 47.
[15] *Millan*, 546 F.3d at 325–26.
[16] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006).

First, Plaintiff's failure to effect service on Defendants for 17 months and repeated failure to comply with this Court's orders demonstrates "a clear record of delay."[17] Next, Plaintiff's failure to comply with this Court's orders to effect service on Defendants and file proof of such service constitutes contumacious conduct. The Fifth Circuit has described contumacious conduct as "the stubborn resistance to authority which justifies a dismissal with prejudice."[18] In other words, it is a party's "willful disobedience of a court order."[19] In its Order signed February 9, 2023, this Court unequivocally directed Plaintiff to effect service of process within 45 days and cautioned that the failure to do so would result in "dismissal of the case pursuant to Federal Rule of Civil Procedure 12(b)(5)."[20] Plaintiff's willful disregard of this court-ordered deadline warrants dismissal of her claims against Defendants.

Even so, this Court afforded Plaintiff another opportunity to meet her burden of proving sufficient service of process. On July 30, 2023, this Court ordered Plaintiff, within 30 days, submit notice to this Court delineating steps taken to effect service on Defendants.[21] Instead, Plaintiff's responsive pleading reasserted that service, which this Court previously found to be improper, was proper. Thus, Plaintiff wholly failed to comply with this Court's Order, and this Court finds that such repeated failure is a clear record of delay and constitutes contumacious conduct.

---

[17] *See* Burke v. Ocwen Loan Servicing, L.L.C., 855 F.App'x 180, 185 (5th Cir. 2021) (affirming dismissal where plaintiff failed to comply with a court order which expressly warned that further noncompliance would result in dismissal). *See also* Veazy v. Young's Yacht Sale & Serv., 644 F.2d 475, 478 (5th Cir. Unit A May 1981) (affirming dismissal where plaintiff had a 21-month delay in serving process and limitations expired during the delay); Johnson v. Tangipahoa Par. Jail, 2008 WL 5264258 (E.D. La. Dec. 17, 2008) (dismissing plaintiff's claim with prejudice where the plaintiff failed to comply with a court order three times).

[18] *Millan*, 546 F.3d at 327 (quoting McNeal v. Papasan, 842 F.2d 787, 792 (5th Cir. 1988)).

[19] *In re* Deepwater Horizon, 805 F. App'x 262, 265 (5th Cir. 2020).

[20] Doc. 22 at 5.

[21] Doc. 45.

Finally, in cases where the statute of limitations expired during the delay between filing and service, the Fifth Circuit has found that "a lesser sanction would not better serve the interests of justice."[22] The court explained that dismissal—as opposed to some lesser sanction—is warranted due to the prejudice to the defendant resulting from the failure to serve process within the statute of limitations period.[23] Therefore, this Court finds that dismissal is warranted in this case and that lesser sanctions would not serve the best interest of justice.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's case is **DISMISSED**.

New Orleans, Louisiana this 23st day of August, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[22] Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 419–20 (5th Cir. 2006) (quoting *Veazy*, 644 F.2d at 478).

[23] *See Veazey*, 644 F.2d at 478 ("We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service"); *see also Sealed Appellant*, 452 F.3d at 418 ("In *Veazey*, we explained that failure to serve process within the statute of limitations period is extremely prejudicial because it affects all the defendant's preparations").