UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOSHIA THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-594** |
| **TASHION SINGLETON ET AL.** | **SECTION: "T"** |

### ORDER AND REASONS

The Court has before it *pro se* Plaintiff Latoshia Thompson's Motion for Recusal of this Court pursuant to 28 U.S.C. § 455. R. Doc. 57. Plaintiff argues that the Court should recuse itself from this case for two reasons. First, Plaintiff argues that the Court is personally biased against her based on its denial of her Motion for Leave to Appeal *in forma pauperis*. *See* R. Docs. 52; 56. Second, Plaintiff argues that the Court has a "conflict of financial interest in this case due to [its] investments in BNYM[.]" R. Doc. 57 at 2.

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Thus, "recusal [is] required whenever 'impartiality might

1

reasonably be questioned.'" *Id.* (quoting *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 850 (1988)).

As to Plaintiff's first argument, "[j]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 155. Judicial actions do not support recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Here, the Court's denial of Plaintiff's motion to appeal *in forma pauperis* was based solely on Plaintiff's own presentations in her financial affidavit. *See* R. Doc. 52 at 2–3. In that affidavit, Plaintiff attested that her *biweekly* net income is $2,343.75, that her total monthly expenses are $2,100, and that her total monthly debt payments are $600. Thus, as per Plaintiff, her monthly net income is $4,687.50, and her monthly expenditures are $2,700. By simple math, this leaves Plaintiff with a monthly surplus of $1,987.50 with which she may pay the fees associated with her appeal. Thus, as the Court stated in its order denying Plaintiff's motion, "Plaintiff has not shown that she is financially eligible to proceed in forma pauperis." R. Doc. 56. The Court's impartiality cannot be reasonably questioned on the basis of this order; therefore, it does not require recusal under Section 455.

As to Plaintiff's second argument, this Court assumes that by "BNYM" Plaintiff intends to refer to the Bank of New York Mellon. Whatever financial interest the Court may have in BNYM, it is unclear what, if any, relationship BNYM has to the instant case. Without any involvement by BNYM in this case, there is no conceivable argument that this Court's impartiality could be reasonably questioned on the basis of any financial interest the Court may have in BNYM. Thus, the Court finds no ground to recuse itself under Section 455.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Recusal, R. Doc. 57, is **DENIED**.

New Orleans, Louisiana, this 31st day of October, 2023.

                                                         Greg Gerard Guidry
                                                     United States District Judge